UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARY SILVER,

                        Plaintiff,                  1:16-CV-0911
                                                                         (GTS/CFH)

v.

EDGAR CAMPBELL, ESQ., in his individual
capacity and his official capacity as a landlord,

                        Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

CARY SILVER
  Plaintiff, *Pro Se*
128 Bruceville Road #2
High Falls, NY 12484

LAW OFFICE OF ELIZABETH M. HECHT        ELIZABETH M. HECHT, ESQ.
  Counsel for Defendant
2 Madison Avenue
Valhalla, NY 10595

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

      Currently before the Court, in this *pro se* civil rights action filed by Cary Silver ("Plaintiff") against Edgar Campbell in his individual capacity and in his official capacity as a landlord ("Defendant"), is Defendant's motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 24.) For the reasons set forth below, Defendant's motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint[1]

Generally, liberally construed, Plaintiff's Complaint alleges as follows. On October 1, 2012, Plaintiff entered into a one-year lease agreement to rent the top floor of Defendant's two family house. (Dkt. No. 1, ¶ 5 [Pl.'s Compl.].) When the lease expired on October 1, 2013, Plaintiff contacted Defendant to request that his lease be renewed. (*Id.*, ¶ 6.) However, Defendant rarely returned Plaintiff's telephone calls and provided Plaintiff with only excuses on the occasions that they did speak to one another. (*Id.*, ¶ 7.) Ultimately, Defendant advised Plaintiff that he did not need a lease despite Plaintiff's insistence that one be executed. (*Id.*, ¶¶ 7-8.) Therefore, Plaintiff continued to reside at the rental property for four years without a lease and he bore all expenses related to repairs because Defendant ignored almost all of Plaintiff's telephone calls. (*Id.*, ¶¶ 9-10.)

In January of 2015, Defendant rented the downstairs apartment of the rental property to a female tenant. (*Id.*, ¶ 11.) Unlike Defendant's arrangement with Plaintiff, Defendant entered into a one-year lease with the female tenant as well as a "renewal lease" thereafter. (*Id.*, ¶¶ 12-13.) Defendant subjected Plaintiff to disparate treatment based on gender when Defendant offered a lease to the female tenant but refused to enter into one with him. (*Id.*, ¶¶ 12, 14.)

---

[1] The Court notes that Plaintiff filed a "rebuttal to Defendant's Answer," which appears to be an Amended Complaint. (Dkt. No. 22.) If intended to be filed as an Amended Complaint, this document was timely filed as a matter of course on October 28, 2016. (*See* Dkt. No. 20 [advising Plaintiff that he had until November 18, 2016, to amend his Complaint as a matter of course].) However, because the allegations in this document are essentially identical to those in Plaintiff's Complaint, and because the Court is not certain whether this document was intended to amend the Complaint, the Court will treat Plaintiff's Complaint as the operative pleading.

Furthermore, Defendant would complete any repairs that the female tenant reported while continuing to ignore Plaintiff's telephone calls. (*Id.*, ¶¶ 15-16.) Defendant's failure to address the problems in his apartment constitutes a breach of implied promises of habitability that he made to Plaintiff. (*Id.*, ¶ 17.)

For example, on January 20, 2016, Plaintiff underwent full-knee replacement surgery and stayed at home for almost three months to recover. (*Id.*, ¶ 19.) Plaintiff left a message on Defendant's telephone explaining his surgery and requested that Defendant fix the handrail on the left side of the stairwell so that he and his ex-wife, who was assisting Plaintiff during his recovery, could safely traverse the steps. (*Id.*, ¶¶ 20-22.) Plaintiff also requested permission to have a handrail installed on the right side of the stairwell at his own expense but Defendant never returned his calls. (*Id.*, ¶ 22.) Eventually, Defendant made one telephone call to Plaintiff and assured Plaintiff that he would have both the handrail and steps fixed immediately; however, nothing was ever done. (*Id.*, ¶ 23.) At one point in time, the female tenant residing in the downstairs apartment of the rental property remarked to Plaintiff that Defendant treated her very well and returned all of her telephone calls, and that she believed Defendant "likes women, not men." (*Id.*, ¶ 27.) The female tenant offered to call Defendant on Plaintiff's behalf, but Plaintiff declined her offer because he needed to speak with Defendant directly. (*Id.*)

In addition to the problems in Plaintiff's apartment, Plaintiff alleges that, in April of 2014, he noticed a toxic waste and smell on the front lawn of the rental property. (*Id.*, ¶ 28.) Plaintiff called Defendant several times about this problem but his telephone calls were never returned. (*Id.*, ¶¶ 30, 33.) This problem became worse during periods of warm weather and the sewage on the lawn would linger for longer periods of time. (*Id.*, ¶ 32.) Plaintiff believed the

source of the problem was from either a cracked septic tank or a broken sewage pipe. (*Id.*, ¶ 31.)

On June 20, 2016, Plaintiff's step-son came to visit him for a few days. (*Id.*, ¶ 37.) The step-son, who had a "tiny cut" on his foot walked across the front lawn wearing sandals and stepped in a puddle of water. (*Id.*) Soon thereafter, Plaintiff's step-son felt like his foot was burning and was subsequently diagnosed with Mercer disease. (*Id.*) Plaintiff was also concerned that the toxic waste was seeping into the ground and contaminating a nearby well, which supplied the tenants with their drinking water. (*Id.*, ¶ 38.)

On June 28, 2016, after Plaintiff repeatedly complained about the toxic waste, Defendant served him with a thirty-day notice to vacate the premises. (*Id.*, ¶ 39.)

Based upon the foregoing allegations, Plaintiff claims that Defendant violated his right to equal protection of the law under the Fourteenth Amendment due to Defendant's favorable treatment of the female tenant living below him. (*Id.*, ¶¶ 45-46, 49.) Plaintiff also seeks damages related to (a) his exposure to toxic substances due to Defendant's failure to rectify the problem, and (b) Defendant's breach of the implied warranty of habitability. (*Id.*, ¶ 49.)

### B. Defendant's Counterclaim

Defendant claims that Plaintiff commenced this action in bad faith and for the illegitimate purpose of thwarting an eviction action currently pending in Town Court. (Dkt. No. 8, ¶ 66 [Def.'s Answer]; Dkt. No. 24, Attach. 2, at 7 [Def.'s Mem. of Law].) Defendant therefore requests that the Court award him attorneys' fees pursuant to 28 U.S.C. § 1927.

### C. The Parties' Briefing on Defendant's Motion

#### 1. Defendant's Memorandum of Law

Generally, in his memorandum of law, Defendant asserts five arguments. (Dkt. No. 24, Attach. 2 [Def.'s Mem. of Law].)

First, Defendant argues that Plaintiff has failed to allege facts plausibly suggesting that he suffered a deprivation of a constitutional or legal right by a person acting under color of state law as required by 42 U.S.C. § 1983. (*Id.* at 4-5.)[2]

Second, Defendant argues that Plaintiff has failed to allege facts plausibly suggesting a due process claim because (a) the Complaint does not specify the perceived rights that were violated, (b) Plaintiff's allegations do not plausibly suggest the deprivation of any rights, and (c) Defendant was not in a position to cause any such deprivations as a private citizen. (*Id.* at 5-6.)

Third, Defendant argues that, because Plaintiff has failed to allege facts plausibly suggesting that he is a state actor, Plaintiff's equal protection claim must be dismissed. (*Id.* at 6.)

Fourth, Defendant argues that any attempt by Plaintiff to assert a claim on behalf of others, such as his step-son or the female tenant, must be dismissed because they are not cognizable as a matter of law. (*Id.*)

Fifth, and finally, Defendant requests that the Court award him attorney's fees pursuant to 28 U.S.C. § 1927 because this action (a) is groundless, (b) is retaliatory in nature, and (c) was commenced for the illegitimate purpose of thwarting an eviction action in Town Court. (*Id.* at 7.)

### 2.     Plaintiff's Opposition Memorandum of Law

The deadline for responding to Defendant's motion was January 17, 2017. (Text Notice Dated December 21, 2016.) To date, Plaintiff has not opposed Defendant's motion.

---

[2]     Page citations refer to the page numbers used on CM/ECF rather than the actual page numbers contained in the parties' respective motion papers.

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atl. Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff

of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[3]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* plaintiffs must follow.[4] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp. 2d at 214, n.28 [citations omitted].[5]

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer,

---

[3] *See Vega v. Artus,* 610 F. Supp. 2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

[4] *See Rosendale v. Brusie*, 374 F. App'x 195, 196 (2d Cir. 2010) ("[A]lthough the courts remain obligated to construe a pro se complaint liberally, . . . the complaint must contain sufficient factual allegations to meet the plausibility standard."); *Vega,* 610 F. Supp. 2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

[5] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.  *See Rusyniak,* 629 F. Supp. 2d at 214 & n.35 (explaining holding in *Erickson*).

(2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[6]

### B. Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir.

---

[6] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### III. ANALYSIS

#### A. Whether the Court Lacks Subject-Matter Jurisdiction to Adjudicate Plaintiff's Claims

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated by Defendant in his memorandum of law. (Dkt. No. 24, Attach. 2, at 4-6 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

As stated above in Part 1.C.2. of this Decision and Order, Plaintiff has failed to oppose Defendant's motion. In this District, when a non-movant willfully fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden.[7] The Court finds that, at the very least, Defendant has met that modest threshold burden with respect to their requested relief. In any event, the Court would grant Defendant's motion even if it were

---

[7] *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

to subject it to the more rigorous scrutiny appropriate for a contested motion, for the reasons set forth below.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal subject-matter jurisdiction is available only when a "federal question" is presented or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000.00. Here, Plaintiff has indicated that both he and Defendant are citizens of New York. (Dkt. No. 1, ¶¶ 2-3 [Pl.'s Compl.].) Therefore, diversity jurisdiction is inapplicable.

To invoke federal question subject-matter jurisdiction, Plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975) ("Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."). Despite granting Plaintiff's Complaint the liberal interpretation it is due, Plaintiff's Complaint fails to invoke this Court's federal question subject-matter jurisdiction. This is because "it is well settled that the landlord-tenant relationship is fundamentally a matter of state law, and federal courts lack subject matter jurisdiction over state residential landlord-tenant matters." *Ellis v. Sabeini Mitivach Assocs.*, 14-CV-4441, 2014 WL 5305994, at *2 (E.D.N.Y. Oct. 15, 2014); *Haynie v. N.Y.C. Hous. Auth.*, 14-CV-5633, 2015 WL 502229, at *2 (E.D.N.Y. Feb. 5, 2015) ("It is well-settled that federal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters.") (internal quotation marks omitted). Although Plaintiff claims that his constitutional rights were violated, "this Court does not have federal question subject matter jurisdiction over plaintiff's housing law

claims, even when such claims are dressed in the garb of constitutional claims." *Galland v. Margules*, 05-CV-5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) (Chin, J.); *Vill. of Millbrook v. Forrest*, 903 F. Supp. 599, 600 (S.D.N.Y. 1995) ("Where, as here, the [plaintiff's] constitutional claim appears to be nothing more than a state court claim recloaked in constitutional garb, the constitutional claim is insufficient to confer jurisdiction.") (internal quotation marks omitted); *Southerland v. New York City Hous. Auth.*, 10-CV-5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) ("The sum and substance of plaintiff's claims are related to his landlord-tenant matters. Landlord-tenant matters arise under state law and not under federal law. . . . Plaintiff cannot repackage his landlord-tenant claims as § 1983 claims in order to confer federal question jurisdiction.").

In any event, Plaintiff has failed to allege facts plausibly suggesting that Defendant is a state actor or that he was acting under color of state law during the relevant time periods, which is required in order to state a § 1983 claim. *See Trancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action."). The Second Circuit has explained that

> to satisfy the state action requirement where the defendant is a private entity, the allegedly unconstitutional conduct must be fairly attributable to the state. Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself.

*Trancredi*, 316 F.3d at 312 (citations and internal quotation marks omitted). Because Plaintiff has failed to allege facts plausibly suggesting that Defendant was a state actor for the purpose of § 1983 when he allegedly violated Plaintiff's federally protected rights, his claims must be dismissed. *See Quow v. Wallach*, 16-CV-3947, 2016 WL 4099107, at *2 (E.D.N.Y. Aug. 2,

2016) ("In this case, the plaintiff has not alleged that the defendant is a state actor or is acting under color of state law. Accordingly, the plaintiff cannot state a Section 1983 claim against this private landlord."). Finally, as stated above, the Complaint alleges that both parties reside in New York and, therefore, the Court is without jurisdiction to adjudicate Plaintiff's state law claim for breach of the implied warranty of habitability on the basis of diversity.

Because the Court lacks subject-matter jurisdiction over Plaintiff's Complaint, it lacks the authority to evaluate the pleading sufficiency of his Complaint under Fed. R. Civ. P. 12(b)(6). Moreover, because the Court finds the defects in Plaintiff's Complaint to be substantive, it will not afford Plaintiff an opportunity to amend before dismissal.

### B.    Whether Defendant is Entitled to Attorneys' Fees Under 28 U.S.C. § 1927

After carefully considering the matter, the Court answers this question in the negative for the reasons set forth below.

28 U.S.C. § 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Importantly, "[t]he Second Circuit has held that § 1927 does not apply to non-attorney *pro se* litigants." *In re Swift*, 94-BR-10285, 2016 WL 355515, at *9 (Bankr. E.D.N.Y. Jan. 28, 2016) (citing *Sassower v. Field*, 973 F.2d 75, 80 [2d Cir. 1992]). "Though § 1927 provides no basis to sanction a non-attorney *pro se* litigant, the statute does permit the imposition of sanctions on licensed attorneys who choose to proceed *pro se*." *Swift*, 2016 WL 355515, at *9. However, § 1927 will not apply if the attorney against whom sanctions are sought is suspended, disbarred, or

has otherwise lost his/her license to practice law. *Id.* ("Burton is not a licensed attorney. Though he was once licensed to practice law in New York, he has been unlicensed since 1994. . . . Thus, in light of Burton's status as a non-lawyer, he may not be sanctioned under 28 U.S.C. § 1927."); *Farb v. Baldwin Union Free Sch. Dist.*, 05-CV-0596, 2011 WL 4465051, at *11 (E.D.N.Y. Sept. 26, 2011) ("[S]uspended or disbarred attorney holds approximately the same status as one who has never been admitted.") (internal quotation marks and citation omitted); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 124, 129 (S.D.N.Y. 1999) ("A disbarred attorney, however, is by definition not 'admitted to conduct cases' in Federal court. [He] appears in this action as a *pro se* litigant, and accordingly, he is not subject to sanctions under § 1927.").

In the present case, Defendant has failed to argue, let alone demonstrate, that Plaintiff is a licensed attorney. Therefore, sanctions under § 1927 are inapplicable. Nonetheless, the Court may still impose sanctions pursuant to its inherent power to supervise and control its own proceedings. However, this requires a party to present "clear evidence that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes." *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (citations and internal quotation marks omitted). The record does not support Defendant's assertion that Plaintiff filed this action in bad faith. Indeed, Plaintiff has attempted to withdraw some of his requests for relief after he believed that they were no longer necessary. (Dkt. No. 22, ¶¶ 47-48.)

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction (Dkt. No. 24) is **GRANTED**.

The Clerk of the Court is directed to enter judgment in favor of Defendant and close this case.

Dated: September 11, 2017
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge